IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER ISAAC SURLES, <br> AIS # 299284, <br><br> Petitioner, <br><br> v. <br><br> JOSEPH H. HEADLEY, *et al.*, <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:23-cv-349-ECM-SMD <br> ) <br> ) <br> ) <br> ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.   INTRODUCTION**

Christopher Isaac Surles, an Alabama inmate at the Staton Correctional Facility in Elmore, initiated this action by filing a petition in which he seeks habeas corpus relief under 28 U.S.C. § 2254. Doc. 1. Surles challenges his 2014 murder conviction and resulting life sentence entered in the Circuit Court of Talladega County.

**II.   DISCUSSION**

Title 28 U.S.C. § 2241(d) allows Surles to bring a § 2254 habeas petition in either (a) the federal district court for the district wherein he is in custody (the Middle District of Alabama, where the Staton Correctional Facility is located), or (b) the federal district court for the district within which the state court that convicted and sentenced him was held (the Northern District of Alabama, where the Circuit Court of Talladega County is located). Section 2241(d) provides that this court "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's § 2254 petition to "the district court for the district

within which the State court was held which convicted and sentenced [the petitioner]." 28 U.S.C. § 2241(d).

Surles seeks habeas corpus relief in the form of exoneration of his conviction and sentence entered by the Circuit Court of Talladega County, in the Northern District of Alabama. The Northern District is more familiar with the state courts within its district. and would be more convenient for the witnesses in the event of an evidentiary hearing in this matter. The records and witnesses relating to this matter are likely to be located in Talladega County. Under these circumstances, the Court finds that the furtherance of justice and judicial economy will be best served by transferring this case to the United States District Court for the Northern District of Alabama for review and disposition.[1]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 2241(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation by June 20, 2023. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate

---

[1] A decision on Surles's application for leave to proceed *in forma pauperis* (Doc. 2) is reserved for ruling by the United States District Court for the Northern District of Alabama.

Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 6th day of June, 2023.

                      /s/ Stephen M. Doyle
                      STEPHEN M. DOYLE
                      CHIEF U.S. MAGISTRATE JUDGE